UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeremy Joseph Davis,    #222918, | ) | C/A No. 3:09-436-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Jon Ozmint, Director, SCDC; Susan Norcutt, Offender Records, SCDC; Michael Truesdale, General Counsel, SCDC; Elizabeth P. Wiygul, Esq; and Ms. Hudson, Inmate Records, KCI, Columbia, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The *pro se* plaintiff, Jeremy Joseph Davis, brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants have denied him 183 days of pretrial detention credit. Davis is an inmate at Turbeville Correctional Institution, a facility of the South Carolina Department of Corrections.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should summarily dismiss defendant attorney Elizabeth P. Wiygul. The Magistrate Judge notes that Ms. Wiygul represented the plaintiff at a Post-Conviction Relief hearing in state court. The plaintiff claims that Ms.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Wiygul convinced him to withdraw his PCR motion and that she failed to represent him at an administrative law court hearing, after informing him she would.

In the Report, the Magistrate Judge correctly states that an attorney, whether retained, court-appointed, or a public defender, does not act under "color of state law" when performing traditional functions of counsel for purposes of § 1983 litigation. *See Polk County v. Dodson*, 454 U.S. 312, 317-324&nn. 8-16 (1981). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on March 11, 2009. The plaintiff has filed objections[2] contending that he brings this action pursuant to 42 U.S.C. § 1983 as well as under the Federal Tort Claims Act, 28 U.S.C. § 2671. The plaintiff also contends that the Magistrate Judge "mistakenly thought that defendant Elizabeth P. Wiygul, Esq. was a part of the 42 U.S.C. § 1983." The plaintiff notes in his objections that "what she did was negligence and under 28 U.S.C. § 2671, she is liable." The plaintiff also asserts in his objections that defendant Wiygul owed him a duty of care under the South Carolina Code of Professional Conduct, failed to discharge that duty, and such breach of duty has caused him loss of liberty and time.

Defendant Wiygul's actions were not performed under "color of state law," and thus,

---

[2] The plaintiff filed two objection memorandums: one on March 30, 2009 (docket entry no. 11); and another on April 20, 2009 (docket entry no. 17). Both appear identical in form and substance, except that the first filing included attachments of various exhibits and the second filing did not.

she is not amenable to suit under § 1983.

Under specific and limited circumstances, an injured party may sue the United States or federal employees pursuant to the Federal Tort Claims Act (FTCA). However, litigants must strictly comply with the requirements of the FTCA, *U.S. v. Kubrick*, 444 U.S. 111, 117-18 (1979), and the burden is on the plaintiff in an FTCA case to prove that he completed all the conditions precedent to filing a lawsuit. *Kielwien v. U.S.*, 540 F.2d 676, 679 (4th Cir. 1976).

The plaintiff refers to the FTCA in Section II.B. of his complaint. He later notes in his complaint that "each defendant is sued individually and in his, her official capacity" and that "at all times mentioned in this complaint, each defendant acted under color of state law." There is no indication that the plaintiff complied with the FTCA pre-suit requirements (such as the filing and prosecution of formal administrative claims with the appropriate federal agencies) before commencement of this action in district court against defendant Wiygul. *See* 28 U.S.C. § 2675; *Myers & Myers, Inc. v. U.S. Postal Serv.*, 527 F.2d 1252 (2d Cir. 1975). Thus, the FTCA claim against defendant Wiygul is also subject to summary dismissal.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation proper and incorporated herein by reference. Accordingly, this action is dismissed as to defendant Wiygul without prejudice and without issuance and service of process for this defendant.

The court also accepts the Magistrate Judge's directive that service shall issue on all remaining defendants.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

May 1, 2009
Columbia, South Carolina