IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JEREMY JOSEPH DAVIS, ) | Civil Action No. 3:09-436-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JON OZMINT, DIRECTOR, SCDC; ) | |
| SUSAN NORCUTT, OFFENDER RECORDS, ) | **REPORT AND RECOMMENDATION** |
| SCDC; ) | |
| MICHAEL TRUESDALE, GENERAL COUNSEL, ) | |
| SCDC; ) | |
| MS. HUDSON, INMATE RECORDS, KCI, ) | |
| COLUMBIA, ) | |
| ) | |
| Defendants ) | |
| ) | |
| _____ ) | |

Plaintiff filed this action on February 24, 2009.[1] At the time he was an inmate at the Turbeville Correctional Institution of the South Carolina Department of Corrections ("SCDC"). He has since been released from prison. Plaintiff alleges that Defendants failed to give him proper credit for jail time he served prior to sentencing such that his release date was incorrectly calculated. Defendants are SCDC Director Jon Ozmint ("Ozmint"), SCDC employee Susan Norcutt ("Norcutt"), SCDC employee Ms. Hudson ("Hudson"), and Michael Truesdale ("Truesdale").[2] Truesdale filed a motion to dismiss on May 11, 2009. Because Plaintiff is proceeding pro se, he was advised on May 12, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

[2]On May 1, 2009, Defendant Elizabeth Wiygul was dismissed from this action. See Doc. 21.

to Defendant's motion to dismiss could result in the dismissal of his complaint. Plaintiff filed a response on June 5, 2009, and Truesdale filed a reply on June 15, 2009. Plaintiff filed a motion for judgment on the pleadings on June 12, 2009, and Defendants filed a response on June 26, 2009. Defendants filed a motion for summary judgment on July 10, 2009. Another Roseboro order was issued on July 13, 2009. Plaintiff filed responses on July 23 and August 7, 2009, and Defendants filed a reply on August 14, 2009.

## **FACTS**

Plaintiff was detained at the Greenville County Detention Center ("GCDC") on multiple charges including distribution of heroin (Arrest Warrant H306801) from January 27, 2003 until he bonded out on February 9, 2003. See Complaint, Ex. A(2). He was detained at the GCDC again from June 7 to November 20, 2003 on charges of "FTA/BOB" (this appears to be a failure to appear after Plaintiff was released on bond). See Complaint, Ex. A(3).

On February 7, 2007, Plaintiff pled guilty to Distribution of Heroin, 2nd Offense (Arrest Warrant H306801 - offense date 12-11-2002). The Honorable Howard P. King, South Carolina Circuit Court Judge, sentenced Plaintiff to five years imprisonment. See Janice Kenealy ("Kenealy") Aff., Ex. 2 (Sentence Sheet).[3] Sometime between the offense date and his sentencing on the South Carolina charge, Plaintiff was sentenced on a charge in Pennsylvania and was under the custody of the Pennsylvania Department of Corrections. On Plaintiff's South Carolina Sentence Sheet, Judge King indicated that Plaintiff's South Carolina sentence was to run concurrent with the sentence Plaintiff was serving in Pennsylvania. Id. Next to the section on the sheet regarding credit for time

---

[3]Kenealy is the Supervisor of the Records Management Area within the Inmate Records Office, Division of Classification, SCDC. Kenealy Aff., Para. 1. Defendants submitted affidavits from Kenealy, Norcutt, and Hudson with their motion for summary judgment.

2

served pursuant to S.C. Code Ann. § 24-13-40,[4] Judge King handwrote the date June 1, 2005 (the date Plaintiff's Pennsylvania sentence commenced). Id.[5] There is no indication in the record that Plaintiff ever appealed his sentence.

On June 11, 2007, Plaintiff was released from the custody of the Pennsylvania Department of Corrections into the custody of the SCDC at Kirkland Correctional Institution ("KCI"). See Kenealy Aff., Ex. 1. Although Plaintiff was not sentenced on the South Carolina charge until February 7, 2007, SCDC entered Plaintiff's sentence start date as June 1, 2005. Id. As a result, Plaintiff was given approximately 616 days of jail time credit towards his South Carolina sentence. See Id. and Norcutt Aff.

On February 27, 2008, Plaintiff filed a grievance with SCDC relating to his jail time credits. See Kenealy Aff., Ex. 7 and Hudson Aff. The Inmate Grievance Coordinator ("IGC") for KCI contacted Hudson, who was a records analyst at KCI, and asked her to review Plaintiff's record to see if he had been given appropriate jail time credits against his sentence. Hudson reviewed the

---

[4]This statute, discussed further below, is titled "Computation of time served by prisoners."

[5]This court may take judicial notice of Civil Action Number 3:09-1810-JFA-JRM, a habeas action filed by Plaintiff on July 10, 2009. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). Plaintiff attached a copy of the sentencing transcript to his complaint in that action. At sentencing on the South Carolina charge, Judge King stated:
> THE SENTENCE OF THE COURT IS THE DEFENDANT IS COMMITTED TO STATE DEPARTMENT OF CORRECTIONS FOR A TERM OF FIVE YEARS. IT CAN BE RUN CONCURRENT WITH THE SENTENCE CURRENTLY BEING SERVED IN PENNSYLVANIA. HE'LL BE GIVEN CREDIT FOR JAIL TIME SINCE JUNE OF 2005.

3:09-1810-JFA-JRM, Doc. 1 at 43. Judge King further clarified that the date was June 1, 2005. Id.

record and told the IGC that Plaintiff had been given correct jail time credits against his sentence. Plaintiff's February 27, 2008 Step 1 grievance was denied on June 3, 2008. Id.

Plaintiff appealed the Step 1 grievance by filing a Step 2 grievance on June 10, 2008. This grievance was considered and denied on July 7, 2008. Kenealy Aff., Ex. 8. Plaintiff filed a Notice of Appeal with the South Carolina Administrative Law Judge Division on July 22, 2008, appealing the denial of his Step 2 grievance. See Kenealy Aff., Ex. 9. Administrative Law Judge Carolyn Matthews dismissed Plaintiff's appeal on November 6, 2008. In her Order, Judge Matthews noted that the sentencing judge wrote on the Sentence Sheet that Plaintiff's sentence was to be back dated to start on June 1, 2005. Judge Matthews found Plaintiff's "jail time credits were taken from the start of his sentence and his projected max out date is based upon his sentence start date. Accordingly, he has properly received his jail time credit." Kenealy Aff., Ex. 10. Plaintiff appealed the decision to the South Carolina Court of Appeals, but the appeal was dismissed due to Plaintiff's failure to provide proof that he ordered the transcript and/or failed to serve and file his Initial Brief and Designation of Matter. Kenealy Aff., Ex. 11.

## **MOTION FOR JUDGMENT ON THE PLEADINGS**

On June 12, 2009, Plaintiff filed a motion for judgment on the pleadings pursuant to Federal Rule 12(c). He claims that he is entitled to judgment because "this Action should be easy to decide on because it[']s not only a blatantly obvious denial of Jail Credits violating S.C. Code § 24-13-40[,] but also their own Policy S.C.D.C. OP-21.09 'Inmate Records Plan' 12.1-12.4." Defendants contend that Plaintiff's motion should be denied because he appears to be seeking a jury trial, not judgment on the pleadings, and his claim that he was wrongfully denied sentence credits is clearly in dispute.

4

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings, "[a]fter the pleadings are closed--but early enough not to delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is designed to dispose of cases when the material facts are not in dispute and the court can judge the case on its merits by considering the pleadings. In general, such motions are disfavored unless the movant clearly establishes that no material fact is disputed and that movant is entitled to judgment as a matter of law. See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 1368 (3rd ed. 2008).

Here, the nonmoving parties (Defendants) clearly dispute that Plaintiff was wrongfully denied sentence credits. Review of the pleadings fails to show that Plaintiff is entitled to judgment on the pleadings. Further, Plaintiff requests that this case go forward for a jury trial (Plaintiff's motion for Judgment on the Pleadings at 3), such that he appears to concede that he has not shown that he is entitled to a judgment on the pleadings at this time.

## **MOTION TO DISMISS**

Defendant Truesdale argues that his motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5), should be granted because Plaintiff never served him. Plaintiff attempted to serve Truesdale at SCDC, but Truesdale left employment at SCDC on January 16, 2009 (prior to Plaintiff filing this action in February 2009).

When a defendant challenges the manner or sufficiency of service of process, "[t]he plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C.2003)(citing Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C.1996)). Rule 4(m) provides, in part:

5

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). Here, Plaintiff does not dispute that Truesdale has not been served, but he argues that Truesdale waived service by requesting an extension of time to file an answer in this action. Truesdale argues that he did not waive service, but merely asked for an extension to determine if he had been served. Plaintiff has not shown that Truesdale was properly served.

Plaintiff may also be attempting to argue that the United States Marshal should have done more to serve Truesdale. A pro se litigant who has provided the United States Marshal with sufficient service information is entitled to rely on the Marshal to serve the complaint in a timely manner, See Romandette v. Weetabix Co., Inc., 807 F.2d 309 (2d Cir.1986). Here, however, it appears that Plaintiff did not provide a proper address for Truesdale, who left SCDC employment prior to the filing of this action. Plaintiff has not provided another address for service. The Marshal's Service appears to have made a diligent effort to locate Truesdale by examining motor vehicle records. See Doc. 13 (USM-285 form for Truesdale). A plaintiff may use discovery devices, see generally Rules 26 through 37, Fed. R. Civ. P., to try to obtain information necessary to serve a defendant. It is then the plaintiff's obligation to notify the United States Marshal of the address and provide completed forms (USM-285) for service. Defendant Truesdale's motion to dismiss should be granted because Plaintiff has not shown that Truesdale was properly served.

**MOTION FOR SUMMARY JUDGMENT**

Plaintiff alleges, pursuant to 42 U.S.C. § 1983 ("1983"), that Defendants have violated his constitutional rights. He also claims that Defendants' actions violated S.C. Code § 24-13-40, "S.C.

Const Amend Art I § 3", and 28 U.S.C. § 2671.[6] Plaintiff requests compensatory and punitive damages. Complaint at 7. Defendants contend that they are entitled to summary judgment because: (1) SCDC Director Ozmint cannot be held liable on a theory of supervisory liability; (2) the court has no jurisdiction over Truesdale; (3) Defendants are entitled to qualified immunity; (4) Defendants are entitled to Eleventh Amendment immunity; (5) Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994); (6) Plaintiff cannot bring a claim for false imprisonment under § 1983; and (7) Plaintiff has received all of the jail time credits he is due and fails to show a due process violation.

### 1. **Summary Judgment Standard**

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972) and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege

---

[6]Plaintiff appears to assert a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. The FTCA provides a limited waiver of sovereign immunity whereby the United States government submits itself to be sued in limited situations for negligent acts by its employees, in which private individuals under similar circumstances would be liable under state law. See 28 U.S.C. § 1346(b) and §§ 2671 et seq. A suit under the FTCA lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Myers and Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2d Cir. 1975). Here, Plaintiff has not brought suit against the United States. Even if this action may be brought under the FTCA, Plaintiff fails to show that he has filed the required administrative claim. An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the FTCA. See O'Rourke v. Eastern Air Lines, Inc., 730 F.2d 842, 855 (2nd Cir. 1984), superannuated, in part, on unrelated grounds, Salve Regina College v. Russell, 499 U.S. 225 (1991).

facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

Summary judgment is appropriate when there is no genuine dispute of material fact and when the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The non-moving party is entitled to have the court construe all disputed facts and all reasonable inferences drawn therefrom in the most favorable light. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v Catrett, 477 U.S. 317, 322 (1986). A party wishing to oppose summary judgment must present evidence tending to raise a material and genuine factual dispute. See Morrissey v. William Morrow & Co., 739 F.2d 962 (4th Cir. 1984), cert. denied 469 U.S. 1216 (1985); Foy v. Norfolk and W. Ry. Co., 377 F.2d 243 (4th Cir.), cert. denied, 389 U.S. 848 (1967); Bradford v. School Dist., 364 F.2d 185 (4th Cir. 1966); and Sturdivant v. Medical Eng'g Corp., 121 F.R.D. 51 (D.Md. 1988).

**2.    Heck v. Humphrey**

Defendants contend that Plaintiff's claim is barred by Heck because, to grant Plaintiff's requested relief, the Court would have to first find that Plaintiff was held past his release date and that his sentence was therefore unlawful and invalid. They argue that Plaintiff has not shown that his sentence has been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus.

8

The Supreme Court, in Heck v. Humphrey, 512 U.S. 477 (1994), determined that where a prisoner files an action under § 1983 which would necessarily implicate the validity of his conviction, he may not pursue the damages claim unless and until he successfully attacks the conviction on which his suit is based. In certain cases where a criminal defendant is no longer able to pursue habeas relief, however, he would not necessarily be barred by Heck from pursuing a remedy under § 1983. See Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008). In the light most favorable to Plaintiff, success on his § 1983 claim would not impugn his underlying sentence as he now has completed his sentence and been released from imprisonment. Thus, it appears that this action is no longer barred by Heck.[7]

### 3. Calculation of Sentence/Due Process

Plaintiff alleges that Defendants violated his constitutional rights by failing to credit him for time he spent in jail prior to his sentencing as provided by S.C. Code Ann. § 24-13-40.[8]

---

[7]In his response filed August 7, 2009, Plaintiff appears to concede that this action is barred by Heck and asks that this action be stayed because he has a pending habeas action in this Court (Civil Action 3:09-1810-JFA-JRM). He argues that this action would no longer be barred by Heck if the outcome in his other case is favorable. As this case no longer appears to be barred by Heck, Plaintiff's motion to stay is moot.

[8]This statute provides:
The computation of the time served by prisoners under sentences imposed by the courts of this State shall be reckoned from the date of the imposition of the sentence. But when (a) a prisoner shall have given notice of intention to appeal, (b) the commencement of the service of the sentence follows the revocation of probation or (c) the court shall have designated a specific time for the commencement of the service of the sentence, the computation of the time served shall be reckoned from the date of the commencement of the service of the sentence. **In every case in computing the time served by a prisoner, full credit against the sentence shall be given for time served prior to trial and sentencing.** Provided, however, that credit for time served prior to trial and sentencing shall not be given: (1) when the prisoner at the time he was imprisoned prior to trial was an escapee from another penal
(continued...)

9

Defendants contend that Plaintiff received the appropriate jail time credits against his sentence pursuant to his sentencing sheet.

On Plaintiff's Sentence Sheet, Judge King checked a box indicating that Plaintiff was to be given credit for time served and handwrote the date "June 1, 2005." Plaintiff does not dispute that he received credit for the 616 days from June 1, 2005 to February 7, 2007. Plaintiff argues that he should have also received an additionally 183 days for time he spent at the GCDC from January 27 to February 9, 2003; June 7 to November 20, 2003; and December 11 to 13, 2002[9] pursuant to § 24-13-40.

Even if Plaintiff was due an additional 183 days credit to his sentence, he fails to show that his constitutional rights were violated. To recover under the due process clause, a plaintiff must establish that defendants acted with something more than mere negligence. Golson v. Department of Corrections, 914 F.2d 1491 (4th Cir. 1990)[Table].[10] In response to Plaintiff's grievances,

---

[8](...continued)
institution; or (2) when the prisoner is serving a sentence for one offense and is awaiting trial and sentence for a second offense in which case he shall not receive credit for time served prior to trial in a reduction of his sentence for the second offense.

S.C. Code Ann. § 24-13-40 (emphasis added).

[9]Plaintiff submitted Jail Time Report for SCDC Transfer sheets indicating that he was detained at GCDC during the two periods in 2003 discussed above (see Complaint, Exs. A(2) and (3)), but has presented nothing to show that he was detained at GCDC for three days in 2002.

[10]To prevail under an Eighth Amendment theory, a plaintiff must demonstrate that defendants acted with deliberate indifference. See Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir.1989); Haygood v. Younger, 769 F.2d 1350, 1355 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986). Deliberate indifference is shown when a prison official acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate. See Farmer v. Brennan, 511 U.S. 825, 834 and 842 (1994). Plaintiff has not shown that Defendants were deliberately indifferent. Even if Plaintiff has shown that Defendants were negligent in calculating his sentence, he fails to establish a claim under § 1983. Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams,
(continued...)

Defendant Norcutt and Hudson reviewed the calculation of Plaintiff's sentence and found it to be correct. Plaintiff was given 616 days credit based on his sentencing sheet. See Norcutt and Hudson Affs. Even if Defendants incorrectly relied on Judge King's sentencing sheet in calculating Plaintiff's credit for time served, Plaintiff fails to show that this conduct rises above the level of negligence.[11]

### 4. Respondeat Superior

Defendant Ozmint contends that Plaintiff failed to make any actual allegations against him and he cannot be held liable on a theory of respondeat superior or vicarious liability. The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of

---

[10](...continued)
474 U.S. 327, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995).

[11]Plaintiff may be alleging that Defendants violated SCDC policies. The "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Even assuming that Defendants violated SCDC grievance procedures, such actions do not state a claim which is actionable under § 1983. See Brown v. Dodson, 863 F. Supp. 284 (W.D.Va. 1994). Further, allegations that Defendant did not follow SCDC policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

deliberate indifference or tacit authorization. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985).

Plaintiff has not alleged that Defendant Ozmint was personally responsible for any of the incidents or acted in any way other than a supervisory role. Further, Plaintiff has not shown that Ozmint was deliberately indifferent to, or tacitly authorized, any of the actions or inactions of SCDC employees. Plaintiff alleges that Ozmint "has an unwritten policy to deny Inmates their due Jail Credits..." (Complaint at 6), but has presented nothing to support his theory. Thus, Plaintiff fails to show that Defendant Ozmint is liable on a theory of respondeat superior or supervisory liability.

### 5. **Immunity**

Defendants contend that they are entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity

> [cites omitted] or unless Congress has exercised its undoubted power under
> § 5 of the Fourteenth Amendment to override that immunity.

Id. at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to the Eleventh Amendment immunity. Id. at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities. Thus, Defendants are entitled to Eleventh Amendment immunity from monetary damages in their official capacities.

Defendants also contend that they are entitled to qualified immunity in their individual capacities. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are
> shielded from liability for civil damages insofar as their conduct does not
> violate clearly established statutory or constitutional rights of which a
> reasonable person would have known.

Id. at 818.

The Court of Appeals for the Fourth Circuit, discussing qualified immunity, stated:

> Qualified immunity shields a governmental official from liability for civil
> monetary damages if the officer's "conduct does not violate clearly established
> statutory or constitutional rights of which a reasonable person would have
> known." "In determining whether the specific right allegedly violated was
> 'clearly established,' the proper focus is not upon the right at its most general
> or abstract level, but at the level of its application to the specific conduct
> being challenged." Moreover, "the manner in which this [clearly established]
> right applies to the actions of the official must also be apparent." As such, if

13

> there is a "legitimate question" as to whether an official's conduct constitutes
> a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff has failed to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

### 6. State Law Claims

Plaintiff may be attempting to assert claims under South Carolina law for false imprisonment, abuse of process, and/or a violation of S.C. Code Ann. § 24-13-40.[12] As Plaintiff fails to show that Defendants violated his rights under § 1983 (as discussed above), only his state law claims would remain. Thus it is also recommended, pursuant to 28 U.S.C. § 1367(c)(3), that any remaining state law claims be dismissed.

### CONCLUSION

Based on review of the record, it is recommended that Defendant Truesdale's Motion to Dismiss (Doc. 23) be **granted**, Defendants' motion for summary judgment (Doc. 38) be **granted**, and Plaintiff's motion for judgment on the pleadings (Doc. 33) be **denied**.

                                              Joseph R. McCrorey
                                              United States Magistrate Judge

February 9, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[12] Further, Plaintiff has presented nothing to show that a private action for monetary damages can be brought pursuant to § 24-13-40.

14

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).