IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jeremy Joseph Davis, | C/A No.: 3:09-436-JFA-JRM |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Jon Ozmint, Director SCDC; <br> Susan Norcutt, Offender Records, SCDC; <br> Michael Truesdale, General Counsel, SCDC; <br> Ms. Hudson, Inmate Records, KCI, Columbia, | |
| Defendants. | |

The *pro se* plaintiff, Jeremy Joseph Davis, brings this action pursuant to 42 U.S.C. § 1983 contending that the defendants failed to give him proper credit for jail term he served prior to his state court sentencing and as a result, his release date was incorrectly calculated. After the filing of this action on February 24, 2009, plaintiff was released from the Turbeville Correctional Institution of the South Carolina Department of Corrections (SCDC).

On July 10, 2009, the plaintiff filed a habeas action in this court pursuant to 28 U.S.C. § 2241 contending that he was unlawfully denied credit for time spent in pretrial confinement.[1] At the time he filed the § 2241 action, the plaintiff was an inmate at the SCDC's pre-release center awaiting discharge upon the completion of his sentence. It appears from the record in that case that the plaintiff maxed out his sentence on July 31, 2009

---

[1] This court takes judicial notice of the plaintiff's habeas petition in C/A No. 3:09-1810-JFA-JRM. *Aloe Creme Labs, Inc. v. Francine Co.*, 425 F.2d 1295 (5th Cir. 1970).

1

and was released from custody.[2]

The Magistrate Judge assigned to this action[3] has prepared a Report and Recommendation wherein he suggests that this court should grant the defendants' motion for summary judgment. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The plaintiff was advised of his right to file objections to the Report and Recommendation. On March 4, 2010, the plaintiff was granted an extension of time until March 19, 2010 to file objections. In its order, the court specifically advised the plaintiff that no further extensions would be granted and that he should allow sufficient time for mailing so the objections may reach the court for filing on or before the March 19 deadline. As of the date of this order, the deadline has passed by more than seven days and plaintiff has failed to file any objections to the report, despite being granted an extension of time in which to do so.

BACKGROUND

The plaintiff was detained at the Greenville County Detention Center (GCDC) on multiple charges including distribution of heroin from January 27, 2003 until he was bonded

---

[2] It is not clear in this action if the plaintiff is subject to any type of parole or supervised release provisions in his sentence. However, in his § 2241 action, the respondent asserted that the § 2241 petition should be dismissed due to plaintiff's unconditional release which rendered his claim moot. The Magistrate Judge notes in the § 2241 Report that there were no collateral consequences since Davis was not released on parole, but maxed out his sentence.

[3] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

out on February 9, 2003. He was again detained at GCDC from June 7 to November 20, 2003 on charges of failure to appear after being released on bond.

On February 7, 2007, plaintiff pled guilty to charges of possession of heroin and was sentenced in state court to a term of five years imprisonment. Sometime between the offense date in 2003 and his sentencing in South Carolina in 2007, the plaintiff was sentenced on a criminal charge in the State of Pennsylvania and was in the custody of the Pennsylvania Department of Corrections (PDC).

When the plaintiff was sentenced in South Carolina by the Honorable Howard P. King, South Carolina Circuit Judge, Judge King noted that plaintiff's sentence in South Carolina was to run concurrent with the sentence plaintiff was serving in Pennsylvania. Judge King noted the date of June 1, 2005 (the date the Pennsylvania sentence commenced) as the date for credit for time served under S.C. Code Ann. § 24-13-40. It is not clear from the record whether plaintiff appealed his South Carolina conviction and sentence.

On June 11, 2007, the plaintiff was released from the custody of the PDC into the custody of the SCDC. Although plaintiff was not sentenced on the South Carolina charge until February 7, 2007, the SCDC entered plaintiff's sentence start date as June 1, 2005, resulting in approximately 616 days of jail time credit towards his South Carolina sentence.

On February 27, 2008, plaintiff filed a Step 1 grievance with the SCDC relating to his jail time credits. His grievance was reviewed and denied on June 3, 2008. Plaintiff then appealed such decision on June 10, 2008 via a Step 2 grievance, which was considered and denied on July 7, 2008.

Plaintiff filed an appeal with the South Carolina Administrative Law Judge Division (ALJ) on July 22, 2008 appealing the denial of his Step 2 grievance. Plaintiff's appeal to the ALJ was dismissed on November 6, 2008, with the ALJ finding that jail time credits were taken from the start of his sentence and his projected max out date was based upon the sentence start date. The ALJ ultimately concluded that plaintiff had properly received his jail time credit.

Plaintiff then appealed the ALJ's decision to the South Carolina Court of Appeals, but that court dismissed the appeal for procedural reasons, specifically that plaintiff failed to provide proof that he ordered a transcript and/or failed to file his initial brief as provided for in Rules 207, 208, and 209 of the South Carolina Appellate Court Rules.[4]

## THE PLAINTIFF'S CLAIMS

The plaintiff alleges that (1) the defendants have violated his constitutional rights under 42 U.S.C. § 1983; and (2) the defendants' actions are in violations of S.C. Code § 24-13-40, S.C. Const. Amend Art I § 3, and 28 U.S.C. § 2671. Plaintiff requests compensatory and punitive damages.

The defendants contend that they are entitled to summary judgment because (1) defendant Ozmint cannot be held liable on a theory of supervisory liability; (2) the court has no jurisdiction over defendant Truesdale because he was not properly served; (3) the defendants are entitled to qualified and Eleventh Amendment immunity; (4) plaintiff's claims

---

[4] The Magistrate Judge notes in his Report and Recommendation of the Section 2241 petition (C/A No. 3:09-1810-JFA-JRM) that the South Carolina Court of Appeals applied a procedural bar and dismissed the appeal because Davis failed to comply with the rules of the court. The Magistrate Judge concluded in his Report on the Section 2241 petition that Davis did not show cause for his failure to complete the process, citing *Coleman v. Thompson*, 501 U.S. 722 (1991). That case is awaiting petitioner's objections.

4

are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (5) the plaintiff cannot bring a state claim for false imprisonment under 42 U.S.C. § 1983; (6) the plaintiff has received all of the jail time credits he is due; and (6) the plaintiff fails to show a due process violation.

THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Heck v. Humphrey*

Contrary to the defendants' submission, the Magistrate Judge suggests that the plaintiff's claim is no longer barred by *Heck v. Humphrey*. In *Heck*, the Supreme Court held that before a state inmate may recover damages for an allegedly unconstitutional conviction or imprisonment whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called in to question by a federal court's issuance of a Writ of Habeas Corpus. However, under *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008), the Fourth Circuit found that in certain cases where a criminal defendant is no longer able to pursue habeas relief, he would not necessarily be barred by *Heck*. Accordingly, the Magistrate Judge properly concludes that plaintiff's action is not barred under *Heck*.

*Calculation of Sentence/Due Process*

The plaintiff alleges that defendants violated his constitutional rights by failing to credit him under S.C. Code Ann. § 24-13-40 for time he spent in jail prior to his sentencing. Specifically, plaintiff contends that he should have received an additional 183 days credit at the GCDC. The Magistrate Judge opines that even if the plaintiff was due an additional 183

5

days credit to his sentence, the plaintiff has failed to show that his federal constitutional rights were violated or that any negligent conduct by the defendants rose above the level of negligence under the due process clause. To the extent that plaintiff alleges that the defendants violated SCDC policies, such actions do not state a claim which is actionable under § 1983.

*Respondeat Superior*

The Magistrate Judge concludes, and the undersigned agrees, that the plaintiff has not alleged that defendant Ozmint was personally responsible for any of the incidents, nor has plaintiff shown that Ozmint was deliberately indifferent to or authorized any of the actions or inactions of SCDC employees. Thus, plaintiff cannot show that defendant Ozmint is liable on the theory of *respondeat superior* or supervisory liability.

*Immunity*

The Magistrate Judge properly finds that defendants are entitled to Eleventh Amendment immunity from monetary damages in their official capacities, citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). The Magistrate judge also opines that the defendants are entitled to qualified immunity in their individual capacities under *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) because the plaintiff has failed to show that defendants violated any of his clearly established constitutional or statutory rights.

*State Law Claims*

To the extent plaintiff asserts claims under South Carolina law for false imprisonment, abuse of process, and/or a violation of S.C. Code Ann. § 24-13-40, the Magistrate Judge

concludes that such state law claims should be dismissed. 28 U.S.C. § 1367(c)(3). This court agrees.

*Defendant Truesdale's Motion to Dismiss*

The Magistrate Judge finds that this court has no jurisdiction over defendant Truesdale because he was not properly served by the plaintiff as required under Rule 4(m) of the Federal Rules of Civil Procedure. Therefore, defendant Truesdale's motion to dismiss is granted.

CONCLUSION

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. The defendants' motion for summary judgment is hereby granted; defendant Truesdale's motion to dismiss is granted; and plaintiff's motion for judgment on the pleadings is denied.

IT IS SO ORDERED.

March 26, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge